IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

*E-FILED - 3/19/07*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>JON PERROTON,<br><br>    Defendant. | NO. CR-04-20123-RMW<br><br>ORDER ON MOTION FOR BAIL PENDING APPEAL |

Defendant Jon Perroton moves for bail pending appeal. He claims that the court's calculation of loss was erroneous. The critical question raised by the motion is whether Perroton has raised a substantial question of law or fact that is likely to result in a reduced sentence with a term of imprisonment less than the total time already served plus the expected duration of the appeal process. *See* 18 U.S.C. § 3143(b).

The court finds that the issue of how the loss should have been calculated is a fairly debatable one. *See United States v. Handy*, 761 F. 2d 1279, 1283 (9th Cir. 1985). The more difficult question is whether the court would have imposed a sentence lower than it did if it adopted the defendant's proffered loss figure. Although the court considered the sentencing range resulting from its Guideline calculation as a factor in determining Perroton's sentence, it was only one of the factors considered under 18 U.S.C. § 3553(a).

1  If the court had adopted defendant's proffered loss amount, the total offense level would
2  have been 9 rather than 10.  Since defendant's criminal history level is IV, the Guideline
3  imprisonment range would have been 12-18 months if defendant's calculation had been
4  used as opposed to the 15-21 months considered by the court.  Under the non-binding plea
5  agreement between the parties, the government agreed to recommend that the defendant
6  "be sentenced at the low end of the applicable Sentencing Guidelines range provided that
7  the total offense level as calculated by the Court [was] ten or higher . . . ."  Plea Agreement
8  ¶ 16d.  The United States Attorney remained free to "recommend any conditions of
9  confinement, including imprisonment, if the total offense level [fell] within Zone B or C of the
10 sentencing table." *Id.*

11     Although the court found fifteen months of confinement reasonable considering all
12 the factors under § 3553, it would nevertheless have considered a sentence of
13 imprisonment at the low end of the Guideline range if it had adopted defendant's loss
14 calculation.  Therefore, a likelihood exists that if the court's loss calculation is erroneous,
15 the result will be that defendant will eventually receive a sentence with a term of
16 imprisonment that will be less than what he has already served plus the length of the
17 appellate process.

18     Defendant is granted bail pending appeal on the same conditions now existing.

20 DATED: 3/16/07

22 *(signature)*
   ———————————————————
23 RONALD M. WHYTE
   United States District Judge

1
2  Copy of Order Mailed/E-Filed to Counsel of Record:
3  Beong-Soo Kim
   U.S. ATORNEY'S OFFICE
4  312 N. Spring Street, 11th Floor
   Los Angeles, CA 90012
5
          Counsel for Government
6
   Jay Rorty
7  FEDERAL PUBLIC DEFENDER'S OFFICE
   160 West Santa Clara Street, Ste. 575
8  San Jose, CA 95113
9         Counsel for Defendant
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER ON MOTION FOR BAIL PENDING APPEAL
NO.  CR-04-20123-RMW                                    3